DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that awarded monetary damages to appellees following a default judgment in their favor on their complaint alleging negligent misrepresentation, fraudulent concealment, and fraudulent non-disclosure on the part of appellant, A J S Szigeti, who sold them two parcels of real estate. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} In support of his appeal, appellant A J S Szigeti sets forth the following assignments of error:
 {¶ 3} "I. The Common Pleas Court erred by exercising extreme bias and obvious prejudice against Defendant Szigeti.
 {¶ 4} "II. The Common Pleas Court erred assisting Plaintiffs Attorney In open Court by making statement as to what to due. [sic]
 {¶ 5} "III. The Common Pleas Court erred by not enforcing its own order Issued on November 12, 2003 against Plaintiff Joe Rezbanyay.
 {¶ 6} "IV. The Common Pleas Court erred by issuing Judgment against The manifests [sic] weight of the evidence.
 {¶ 7} "V. The Common Pleas Court erred by denying Defendant Szigeti's Motion for Relief from Judgment for finding it without merit."
 {¶ 8} In December 1996, appellant sold two parcels of real estate located in Oregon, Ohio, to appellees, Joseph and Diana Rezbanyay. In August 2002, appellees learned that the Internal Revenue Service had placed a lien on the property in 1991, as a result of appellant's failure to pay federal taxes. In their complaint filed in February 2003, appellees claimed monetary damages of $11,665 as a result of appellants' failure to convey the property free and clear of encumbrances. The summons and complaint were first sent to appellant by certified mail, which was unclaimed. Appellees then sent a summons and complaint by ordinary mail in May 2003, and on June 20, 2003, after appellant failed to file an answer or otherwise plead, appellees filed a motion for default judgment. The trial court subsequently found that appellant was properly served and entered a default judgment. Following a hearing to assess damages, the trial court found that appellees had incurred expenses of $7,620 for release of the lien, $3,750 for apartment rental while they attempted to have the lien removed so they could obtain a loan to construct a home on the property, and $295 to re-apply for a construction loan. Accordingly, the trial court granted appellees judgment against appellant in the sum of $11,665 plus court costs. It is from that judgment that appellant appeals.
 {¶ 9} Appellant argues in his first assignment of error that the trial court acted with extreme bias toward him. This court has thoroughly reviewed the record of proceedings, with particular attention given to the transcripts of the hearings on the motion for default judgment and damages, and, upon consideration thereof, we find that, quite to the contrary, the trial court acted to assist appellant in numerous ways as he attempted to defend himself pro se. Appellant was given ample opportunity to present evidence in his own defense and cross-examine witnesses. In numerous instances, the trial court patiently explained various legal procedures and issues to appellant as necessary. In fact, the trial court most likely was more lenient with appellant in court than it might otherwise have been with a licensed attorney. In no instance did the trial court exhibit any bias toward appellant or leniency toward appellees or their attorney. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 10} In his second assignment of error, appellant asserts that the trial court improperly assisted appellees' counsel in court. Based on our review of the transcripts of proceedings in this matter, we find absolutely no indication that the trial court advised appellees' counsel as to how to proceed at any time during the hearings. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 11} In his third assignment of error, appellant asserts that the trial court failed to enforce an order entered on November 12, 2003. There is no indication in the record that the trial court issued an order on that date. However, at the hearing held on November 12, 2003, the trial court addressed the issue of a subpoena for the production of certain documents that appellant had served on appellees' attorney but not on appellees. The trial court continued the matter for one week so that appellees could locate the documents requested by appellant. This argument has no merit and, accordingly, appellant's third assignment of error is not well-taken.
 {¶ 12} In his fourth assignment of error, appellant asserts that the trial court's judgment is against the manifest weight of the evidence. Appellant does not present any argument in support of this claim, other than to state that the property was transferred by way of a quit-claim deed and that appellees did not produce any evidence that appellant was liable for the expenses they incurred as a result of the liens on the property they purchased from him. The trial court found that appellant had been properly served and entered a default judgment against appellant in this matter after he failed to answer the complaint. At the hearing on damages, appellees presented evidence as to the expenses they incurred as a result of the liens on the property. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. Based on our review of the evidence before the trial court, we find that the judgment was not against the weight of the evidence and, accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 13} In his fifth assignment of error, appellant asserts that the trial court erred by denying his motion for relief from judgment. The record reveals that on November 5, 2003, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). On December 23, 2003, the trial court found that final judgment had not been granted and denied the motion. It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219. Under the circumstances of this case, it is clear that the trial court did not err by denying appellant's motion for relief from judgment as it was not timely filed. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J.